**JAW LEGAL**
Jared A. Washkowitz, Esq. (7653)
1050 Bishop Street, #450
Honolulu, HI 96813
Telephone:  (808) 840-7410
Fax:  (415) 520-9729
Email:  jw102475@gmail.com

**BETTI & ASSOCIATES**
Michele M. Betti, Esq. (CA State Bar No. 204939)
1732 Knoll Field Way
Encinitas, California 92024
Telephone:  (760) 500-5451
Facsimile:  (760) 454-2204
Email:  mbettilaw@gmail.com
*(Application for Admission Pro Hac Vice forthcoming)*

Attorneys for Plaintiff
DAVID HUSTED, JR.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| DAVID HUSTED, JR., an individual,<br><br>                    Plaintiff,<br><br>       vs.<br><br>ROMAN CATHOLIC CHURCH IN THE STATE OF HAWAII, A.K.A. THE ROMAN CATHOLIC DIOCESE OF HONOLULU; THE DIOCESE OF BUFFALO, N.Y.; SOUTHERN TIER CATHOLIC SCHOOL ARCHBISHOP WALSH ACADEMY; THE SOUTHDOWN INSTITUTE; JAMES A. SPIELMAN; and DOE DEFENDANTS 1-10,<br><br>                    Defendants. | Case No.  _____<br><br>**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL; SUMMONS**<br><br>1.  Offensive Physical Contact/Childhood Sexual Assault;<br>2.  Imminent Battery;<br>3.  Negligence;<br>4.  Negligent Supervision /Failure to Warn;<br>5.  Negligent Hiring/Retention;<br>6.  Fraud;<br>7.  Negligent Infliction of Emotional Distress;<br>8.  Intentional Infliction of Emotional |

Distress;
9.  Premises Liability;
10.  Punitive Damages.

## COMPLAINT

Plaintiff, DAVID HUSTED, JR., for his Complaint against the Defendants

states and alleges as follows:

## PARTIES

1.    Plaintiff DAVID HUSTED, JR. ("Plaintiff") is an adult male, and a

citizen of Texas residing in Harris County, Texas.  Plaintiff was born on May 17,

1965, and is currently 48 years old.  Plaintiff was a minor between the ages 14 to

17 years old at the time the sexual abuse alleged herein occurred.

2.    Defendant ROMAN CATHOLIC CHURCH IN THE STATE OF

HAWAII, A.K.A., THE ROMAN CATHOLIC DIOCESE OF HONOLULU

("Defendant Honolulu Diocese") is a Domestic Nonprofit Corporation, authorized

to conduct business and conducting business in the State of Hawaii, with its

principal place of business in Honolulu County, Hawaii, at 1184 Bishop Street,

Honolulu, Hawaii 96813.   Employer Identification Number (EIN) Tax ID

990284475.  Defendant Diocese has responsibility for Roman Catholic Church

operations on the islands of Hawaii, Maui, Oahu, Kauai, Molokai, Lanai, Niihau

and Kahoolawe.  Defendant Diocese is the Diocese, which at all times relevant

herein supervised and controlled the Perpetrator James A. Spielman.   The

Perpetrator was an employee and/or agent of Defendant Diocese and was professed

and/or admitted into Defendant Diocese during the dates of abuse, molestation or assault(s).  Defendant Diocese is the Diocese that had jurisdiction and control over the Perpetrator while he was in Hawaii during the dates of abuse, molestation, assault(s), and/or ratification.   Defendant Diocese is the Diocese in which the sexual abuse occurred.

2.1.    Defendant THE DIOCESE OF BUFFALO, N.Y. ("Defendant Buffalo Diocese") is a is a Domestic Nonprofit Corporation, authorized to conduct business and conducting business in the State of New York, with its principal place of business in Erie County, New

York, at 795 Main St, Buffalo, New York 14203.  Employer Identification Number (EIN) Tax ID 160743984.   Defendant Diocese has responsibility for Roman Catholic Church operations in Buffalo, New York.   Defendant Diocese is the Diocese, which at all times relevant herein supervised and controlled the Perpetrator James A. Spielman.  The Perpetrator was an employee and/or agent of Defendant Diocese and was professed and/or admitted into Defendant Diocese during the dates of abuse, molestation or assault(s).  Defendant Diocese is the Diocese that had jurisdiction and control over the Perpetrator while he was in New York and Hawaii during the dates of abuse, molestation, assault(s), and/or ratification.  Defendant Diocese is the Diocese in which the sexual abuse occurred.

2.2.   Defendant   SOUTHERN   TIER   CATHOLIC   SCHOOL ARCHBISHOP  WALSH  ACADEMY  A.K.A  ARCHBISHOP  WALSH  HIGH

SCHOOL   ("Defendant School") is a Roman Catholic school located in Cattaraugus County, New York, at 208 North 24th Street, Olean New York 14760. Defendant School is the school where Plaintiff was a student during the period of wrongful conduct.  The Perpetrator was an employee and/or agent of Defendant School and was professed and/or admitted into Defendant School during the dates of abuse, molestation or assault(s).  Defendant School is the School that had jurisdiction and control over the Perpetrator during the dates of abuse, molestation, assault(s), and/or ratification.  Defendant School is the School in which the sexual abuse occurred.

2.3    Defendant    THE    SOUTHDOWN    INSTITUTE    ("Defendant Southdown Institute") was the Institute that specifically treated the Perpetrator James A. Spielman at the request of the Buffalo and/or Honolulu Diocese for his addictions and mental health issues with child sexual abuse and/or pedophilia.  The Southdown Institute is a registered not-for-profit organization with a charitable number: 10163-0820 RR0001 located at 18798 Old Yonge Street, Holland Landing, Ontario, Canada L9N 0L1; 1335 St. John's Sideroad East Aurora, Ontario, L4G 0P8.  The Southdown Institute was established in the 1980s to help the needs of religious and clergy with addictions and mental health issues.  The Southdown Institute provided psychological services to the Perpetrator Spielman, including comprehensive assessments through residential programming to post-residential continuing care by psychologists, psychiatrists, addictions counselors,

spiritual directors and other related professionals.  The Southdown Institute knew and/or should have known the Perpetrator was not fit to serve in ministry involving interactions with children yet released him back into ministry.

2.4.    Defendant James A. Spielman ("Perpetrator"), is a citizen of Alaska residing in Kenai Peninsula Borough, Alaska, and was at all times relevant an ordained priest, religious brother, or employee in the Roman Catholic Church and at Defendant School.  During the dates of abuse, the Perpetrator was a practicing priest or religious brother and teacher assigned to, working at, and/or performing services for Defendant Honolulu Diocese, Defendant Buffalo Diocese, Defendant School, Defendant Southdown Institute and Does 1 through 10, and was under the direct supervision, employ and control of each of the Defendants.

2.5.    Defendant Does 1 through 10, inclusive, are individuals and/or business or corporate entities incorporated in and/or doing business in New York, Hawaii and Alaska, whose true names and capacities are unknown to Plaintiff who therefore sues such defendants by such fictitious names, and who will amend the Complaint to show the true names and capacities of each such Doe defendant when ascertained.  Each such Defendant Doe is legally responsible in some manner for the events, happenings and/or tortious and unlawful conduct that caused the injuries and damages alleged in this Complaint.  Each of the above named Defendants and Does 1 through 10 are sometimes hereinafter referred to collectively as the "Defendants."

3.     The Perpetrator committed acts of abuse against Plaintiff from approximately September 1979 through 1982.

4.     During the dates of abuse, the Perpetrator was assigned to, working at, and/or performing services for Defendants, and Does 1 through 10, and was under the direct supervision, employment and control of Defendants and Does 1 through 10.

5.     Each Defendant is the agent, servant and/or employee of other Defendants, and each Defendant was acting within the course and scope of his, her or its authority as an agent, servant and/or employee of the other Defendants. Defendants, and each of them, are individuals, corporations, partnerships and other entities which engaged in, joined in and conspired with the other wrongdoers in carrying out the tortious and unlawful activities described in this Complaint, and Defendants, and each of them, ratified the acts of the other Defendants as described in this

Complaint.

6.     Plaintiff is informed and believes, and on that basis alleges, that the Perpetrator was at all times mentioned herein an agent, employee, or servant of the Defendants, and/or was under the jurisdiction and control of the Defendants.

7.     Plaintiff is informed and believes, and on that basis alleges, the Perpetrator molested and abused minor students, including Plaintiff, at churches, rectories, schools and retreat centers located on the islands of Molokai, Maui,

Oahu, and in New York, which were owned, operated, and controlled by the Defendants.  The Plaintiff is informed and believes, and on that basis alleges, that Defendants were aware of, had notice of, and should have known of the molestations and sexual abuse of minor students, including Plaintiff, by the Perpetrator.

8.     Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned herein, Defendants, and each of them, were the agents, servants, employers, masters, servants, or co-conspirators of each of the remaining co-Defendants, and in doing the things hereinafter alleged were acting within the course and scope of such relationship and with the permission, approval, ratification, or consent of their co-Defendants.

9.     Plaintiff is informed and believes, and on that basis alleges, that there exists such a unity of control between the Defendants, any individuality or separateness between the Defendants has ceased, and each of the Defendants is the alter ego of the other.  Plaintiff is informed and believes, and on that basis alleges, that some of the Defendants own and control the others; that some of the Defendants have the same officers, directors, or partners; that some of the Defendants finance other Defendants; that some of the Defendants pay the salaries and other expenses of other Defendants; that some of the Defendants fail to maintain formalities of separate corporate or partnership existence; that some of the Defendants held themselves out to the public to be the same entity as other

Defendants; and that Plaintiff lacked knowledge of the Defendants' separate corporate or partnership existence.  Plaintiff is informed and believes, and on that basis alleges, that adherence to the fiction of the separate existence of the Defendants as distinct entities from each other may promote injustice or fraud.

## JURISDICTION AND VENUE

10.    The district court has original jurisdiction of this civil action in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the matter is between citizens of different States pursuant to 28 U.S.C.A. § 1332 (West).  A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.  28 U.S.C.A. § 1332 (West).  Defendant Honolulu Diocese is a citizen of Hawaii and has its principal place of business in Hawaii.  Defendant Buffalo Diocese and Defendant School are citizens of New York and have their principal place of business in New York.  Defendant The Southdown Institute is a citizen of Canada with its principal place of business in Canada.  Defendant James A. Spielman is a citizen of Alaska.  Plaintiff David Husted, Jr. is a citizen of the State of Texas.  Therefore, this district court has original jurisdiction over this civil action.

11.    Venue is appropriate in this District under 28 U.S.C. §1391(b)(2) because a substantial part of the events and omissions giving rise to this action

occurred, and/or a substantial part of the property that is the subject of this action is situated in this district.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

12.     The Defendants' notice of the Perpetrator's sexual abuse of Plaintiff and other victims constitutes gross negligence.

13.     Plaintiff is informed and believes, and on that basis alleges, that the Perpetrator, while he was an ordained priest, was at all times mentioned herein an agent, employee, or servant of the Defendants, and/or was under the jurisdiction and control of the Defendants.  Specifically, Plaintiff is informed and believes, and on that basis alleges, the following:

A.     That the Perpetrator Father James A. Spielman was born in 1944.

B.     That in the 1960s Perpetrator Spielman entered Christ the King Seminary, which was owned by and/or under the control of the Diocese of Buffalo.

C.     That in or about 1970 Perpetrator Spielman was ordained and incardinated into Defendant Buffalo Diocese.

D.     That prior to 1979 Perpetrator Spielman was transferred from parish to parish because of allegations of child sexual abuse including Scio, Jamestown and Springville parishes.

E.     That from on or about September 1979 through 1982 Perpetrator Spielman was transferred to Archbishop Walsh High School where he taught

religion and was the senior class moderator.  Archbishop Walsh High School was under the jurisdiction and control of the Defendant Buffalo Diocese.

F.     That between the years 1970 and 1993 Perpetrator Spielman was incardinated into Defendant Honolulu Diocese, and was assigned as an assistant pastor and/or visiting and/or supply priest to several parishes on the islands of Molokai, Maui and Oahu owned by and/or under the jurisdiction and control of Defendant Honolulu Diocese.

G.     That prior to 1993 Perpetrator Spielman was transferred to and served as an associate pastor and/or pastor at St. Mary's in Belmont, St. Patrick's in Salamanca, St. Mary's in Canaseraga and Assumption in Portageville, which were owned by and/or under the jurisdiction and control of the Defendant Diocese(s).

H.     That sometime between 1970 and 1993 Perpetrator Spielman was assigned to The Southdown Institute in Ontario, Canada specifically to address his issues with addiction and mental health relating to the sexual abuse of minors.  The Southdown Institute provided psychological services to the Perpetrator Spielman for his child sexual abuse of minors.

I.      That at all times mentioned herein Perpetrator Spielman was an employee and/or agent of each of the Defendants.

J.      That Perpetrator Spielman resigned from ministry in 1993.

14.    Employees and agents of Defendants were aware that the Perpetrator had an unusual interest in minor boys, including Plaintiff, at churches, rectories,

schools and retreat centers located on the islands of Molokai, Maui, Oahu, and in New York, and had frequent unsupervised contact with minor boys, including Plaintiff, on the premises of these churches, rectories, schools and retreat centers for extended periods of time.  Many of the minor boys, including Plaintiff, to whom the Perpetrator sexually abused, reacted to the abuse in ways that should have made Defendants question the circumstances and motivation of the Perpetrator's contact with minor boys, including Plaintiff.  The minor boys, including Plaintiff, were young, impressionable and particularly vulnerable when abused and molested by the Perpetrator.

15.    Plaintiff is further informed and believes, and on that basis alleges, that even though the Defendants knew or should have known the Perpetrator had molested and sexually abused minors, including Plaintiff, and even though the Defendants had actual and constructive knowledge of the abuse, the Defendants covered up the molestations and abuses by the Perpetrator.  The Defendants continued to hold the Perpetrator out as a member of its staff and/or a Catholic priest and/or religious brother who could be trusted with minors, including Plaintiff.  And the Defendants continued to allow the Perpetrator to work with minors, including Plaintiff, on a daily basis, and continued to move the Perpetrator to different Catholic churches and/or schools within the Defendants, and failed to supervise and/or monitor the Perpetrator to ensure that he was not molesting minor parishioners and students again.

## The Perpetrator Spielman's Molestations of Plaintiff David Husted, Jr.

16.     Plaintiff is informed and believes, and on that basis alleges, the Perpetrator molested him and minor parishioners and/or minor students at churches, rectories, schools and retreat centers located on the islands of Molokai, Maui, Oahu located in the Honolulu Diocese, and in New York in the Buffalo Diocese owned, operated, and controlled by each of the Defendants.  The Plaintiff is informed and believes, and on that basis alleges, that Defendants were aware of, had notice of, and should have known, of the molestations by the Perpetrator of Plaintiff and said parishioners and students.  For example, Plaintiff is informed and believes, and on that basis alleges, the following:

A.     The Perpetrator had a long history of molesting boys.  The Perpetrator had multiple victims and abused those victims over a number of years beginning as early as the 1960s for several decades through 1993, when the Perpetrator left the priesthood.

B.     Plaintiff David Husted, Jr. attended Catholic School at Archbishop Walsh High School as a freshman beginning in September 1979 through 1983.

C.     During the time the Perpetrator was working for and employed by the Defendants, the Perpetrator sexually abused and molested Plaintiff David Husted, Jr. in or about 1979-1982 when David Husted, Jr. was a minor between the ages of 14 and 17 years old.  The acts of sexual abuse and molestation included, but were not limited to, touching and fondling of the genitals through clothes, fondling of

the genitals (skin to skin), fondling of the buttocks through clothes, fondling of the buttocks (skin to skin), hugging in a sexual manner, kissing, rubbing or massaging of the body over clothes, masturbation of minor (skin to skin), forced masturbation of perpetrator (skin to skin), kissing of the body (skin to skin), oral copulation of minor, forced oral copulation of perpetrator, digital anal penetration, anal intercourse of minor, sodomy, rape, showing pornography, giving alcohol, threats, pre-sexual grooming (giving money), and other things.

D.     In or about 1982, employees of the Diocese of Honolulu saw and knew of times the Perpetrator was alone with the Plaintiff at various churches on the islands of Hawaii, including Saint Damien of Molokai Church, St. Joseph's Church, and other Roman Catholic churches in Maui and on Oahu wherein the Perpetrator was assigned to, and/or employed by, and under the jurisdiction and control of the Honolulu Diocese and the Buffalo Diocese.   These employees witnessed the Perpetrator's unusual interest in minor boys, including Plaintiff, and witnessed the Perpetrator abuse Plaintiff at these churches, which were under the jurisdiction and control of the Diocese of Honolulu.

E.     From 1979 through 1983, several students who were also being abused by the Perpetrator reported the abuse to various teachers and staff at Archbishop Walsh High School.   However, nothing was done and the Perpetrator continued to abuse Plaintiff after such reports.

F.     In or about September 1979 through 1982, Sister Neil MacDonald O.S.F. was a religion teacher and senior class moderator at Defendant School. Sister Neil was an agent and/or employee of Defendant School and Defendant Buffalo Diocese during the dates of abuse.  Sister Neil saw and knew of times that Plaintiff was with the Perpetrator alone.  Sister Neil at times walked in on the Perpetrator hugging and kissing Plaintiff in the Perpetrator's classroom when the Plaintiff was asked to stay back and clean the chalk boards.

G.     Volunteers, employees and/or agents of Defendants were aware the Perpetrator had an unusual interest in boys, including Plaintiff, and had frequent unsupervised contact with these boys, including Plaintiff, for extended periods of time.

H.     Many of the minor boys, including Plaintiff, who were subjected to sexual abuse by the Perpetrator reacted to the abuse in ways that should have made each of the Defendants question the circumstances and motivation of the Perpetrator's contact with these minor boys, including Plaintiff.  The minor boys, including Plaintiff, the Perpetrator abused and molested were young, impressionable, particularly vulnerable and under the care of Defendants.

I.     The sexual abuse and exploitation of Plaintiff and the circumstances under which it occurred caused Plaintiff to develop various psychological coping mechanisms and physiological injuries as a result of the child sexual abuse.

J.     As a direct result of the wrongful conduct alleged herein, Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered and continues to suffer spiritually; was prevented and will continue to be prevented from performing Plaintiff's daily activities and obtaining the full enjoyment of life; has sustained and continues to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical, physiological, psychological treatment, therapy, and counseling.

17.     Plaintiff is further informed and believes, and on that basis alleges, that even though the Defendants knew and/or should have known the Perpetrator had molested and sexually abused minors, including Plaintiff, and even though the Defendants had actual and/or constructive knowledge of the molestations and sexual abuses, the Defendants covered up the molestations and abuses by the Perpetrator, continued to hold the Perpetrator out as Catholic priest and teacher who could be trusted with minor parishioners and/or minor students, including Plaintiff, continued to allow the Perpetrator to work with minor parishioners and/or minor students, including Plaintiff, on a daily basis, and failed to supervise and/or monitor the Perpetrator to ensure they were not abusing minor parishioners and/or minor students, including Plaintiff.

## FIRST CAUSE OF ACTION
### (Offensive Physical Contact/Childhood Sexual Assault)
### (Against All Defendants)

18.    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

19.    From approximately 1979 through approximately 1982, the Perpetrator engaged in unpermitted, harmful and offensive sexual conduct and contact upon the person of Plaintiff.   Said conduct was undertaken while the Perpetrator was an employee, volunteer, representative, or agent of Defendants, while in the course and scope of employment and/or duties with Defendants, and/or was ratified by Defendants.

20.    Prior to or during the abuse alleged above, Defendants knew, had reason to know, or were otherwise on notice of unlawful sexual conduct by the Perpetrator.   Defendants failed to take reasonable steps and failed to implement reasonable safeguards to avoid acts of unlawful sexual conduct in the future by the Perpetrator, including, but not limited to, preventing or avoiding placement of the Perpetrator in functions or environments in which contact with children was an inherent part of those functions or environments.   Furthermore, at no time during the periods of time alleged did Defendants have in place a system or procedure to supervise and/or monitor employees, volunteers, representatives, or agents to

insure they did not molest or abuse minors in Defendants' care, including the Plaintiff.

21.     As a result of the above-described conduct, Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered and continues to suffer spiritually; was prevented and will continue to be prevented from performing Plaintiff's daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## SECOND CAUSE OF ACTION
### (Imminent Battery)
### (Against All Defendants)

22.     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

23.     From approximately 1979 through approximately 1982, the Perpetrator on numerous occasions caused Plaintiff to apprehend an imminent battery for which no consent was given.  Said conduct was undertaken while the Perpetrator was an employee, volunteer, representative, or agent of Defendants,

while in the course and scope of employment and/or duties with Defendants, and/or was ratified by Defendants.

24.    Prior to or during the abuse alleged above, Defendants knew, had reason to know, or were otherwise on notice of unlawful sexual conduct by the Perpetrator.  Defendants failed to take reasonable steps and failed to implement reasonable safeguards to avoid acts of unlawful sexual conduct in the future by the Perpetrator, including, but not limited to, preventing or avoiding placement of the Perpetrator in functions or environments in which contact with children was an inherent part of those functions or environments.  Furthermore, at no time during the periods of time alleged did Defendants have in place a system or procedure to supervise and/or monitor employees, volunteers, representatives, or agents to insure that they did not molest or abuse minors in Defendants' care, including the Plaintiff.

25.    As a result of the above-described conduct, Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered and continues to suffer spiritually; was prevented and will continue to be prevented from performing Plaintiff's daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has

incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## THIRD CAUSE OF ACTION
### (Gross Negligence)
### (Against All Defendants)

26.     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

27.     Defendants had a duty to protect the minor Plaintiff when he was entrusted to their care by Plaintiff's parents.   Plaintiff's care, welfare, and/or physical custody were temporarily entrusted to Defendants.   Defendants voluntarily accepted the entrusted care of Plaintiff.   As such, Defendants owed Plaintiff, and all minor children, a special duty of care, in addition to a duty of ordinary care, and owed Plaintiff the higher duty of care that adults dealing with children owe to protect them from harm.

28.     Defendants also owed Plaintiff a duty to use reasonable care in investigating the Perpetrator; and to provide adequate warning to the Plaintiff, the Plaintiff's family, minor students, and minor parishioners of the Perpetrator's dangerous propensities and unfitness.

29.     Defendants also owed Plaintiff a duty to use reasonable care in connection with the hiring of employees, agents, volunteers, and other representatives.

30.     Defendants, by and through their agents, servants and employees, knew or reasonably should have known of the Perpetrator's dangerous and exploitive propensities and/or that the Perpetrator was an unfit agent.   It was foreseeable that if Defendants did not adequately exercise or provide the duty of care owed to children in their care, including but not limited to the Plaintiff, the children entrusted to Defendants' care would be vulnerable to sexual and physical abuse by the Perpetrator.

31.     Defendants breached their duty of care to the minor Plaintiff by, among other things: (1) allowing the Perpetrator to come into contact with the minor Plaintiff without supervision; (2) by failing to use reasonable care in connection with the hiring, supervision, and/or retention of the Perpetrator; (3) by failing to investigate or otherwise confirm or deny such facts about the Perpetrator regarding their sexual abuse of minors; (4) by failing to warn and concealing from Plaintiff, Plaintiff's parents, guardians, or law enforcement officials that the Perpetrator was or may have been sexually abusing minors; (5) by failing to warn and concealing from Plaintiff's parents, guardians, or law enforcement officials that Plaintiff was or may have been sexually abused after Defendants knew or had reason to know that the Perpetrator may have sexually abused Plaintiff, thereby enabling Plaintiff to continue to be endangered and sexually abused, and/or creating the circumstance where Plaintiff was less likely to receive medical/mental health care and treatment, thus exacerbating the harm done to Plaintiff; (6) by

holding out the Perpetrator to the Plaintiff and his parents or guardians as being in good standing and trustworthy; (7) by holding out their school and church as safe, wholesome environments for children; (8) by implementing a policy, pattern, and practice of transferring abusive priests to Hawaii, transferring abusive priests between parishes and schools in New York, covering up sexual abuse by priests and other employees and/or agents, encouraging victims not to report abuse, failing themselves to report abuse to parents of children who may have been abused, failing to report abuse to law enforcement authorities, and generally failing to take reasonable steps to prevent sexual abuse.  In addition, Defendants cloaked within the facade of normalcy Defendants' and/or the Perpetrator's contact and/or actions with the Plaintiff and/or with other minors who were victims of the Perpetrator, and/or disguised the nature of the sexual abuse and contact.

32.    Defendants' conduct was grossly negligent, and constituted an aggravated or magnified failure to use that care which a reasonable person would use to avoid injury to other people.

33.    As a result of the above-described conduct, the Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and

earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## FOURTH CAUSE OF ACTION
### (Negligent Supervision/Failure to Warn)
### (Against All Defendants)

34.     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

35.     Defendants had a duty to provide reasonable supervision of the Perpetrator; to use reasonable care in investigating the Perpetrator; and to provide adequate warning to the Plaintiff, the Plaintiff's family, and minor students, of the Perpetrator's dangerous propensities and unfitness.

36.     Defendants, by and through their agents, servants and employees, knew or reasonably should have known of the Perpetrator's dangerous and exploitive propensities and/or that the Perpetrator was an unfit agent.  Despite such knowledge, Defendants negligently failed to supervise the Perpetrator in the position of trust and authority as staff member, priest, disciplinarian, counselor, school administrator, teacher, emotional mentor, and/or other authority figure, where each Perpetrator was able to commit the wrongful acts against the Plaintiff. Defendants failed to provide reasonable supervision of the Perpetrator, failed to use reasonable care in investigating the Perpetrator, and failed to provide adequate warning to Plaintiff and Plaintiff's family of the Perpetrator's dangerous

propensities and unfitness.  Defendants further failed to take reasonable measures to prevent future sexual and physical abuse.

37.    As a result of the above-described conduct, Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## FIFTH CAUSE OF ACTION
### (Negligent Hiring/Retention)
### (Against All Defendants)

38.    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

39.    Defendants had a duty to not hire and/or retain the Perpetrator, and other employees, agents, volunteers, and other representatives, given the Perpetrator's dangerous and exploitive propensities.

40.    Defendants, by and through their agents, servants and employees, knew or reasonably should have known of the Perpetrator's dangerous and exploitive propensities and/or that the Perpetrator was an unfit agent.  Despite such knowledge, Defendants negligently hired and/or retained the Perpetrator in the

position of trust and authority as a Roman Catholic Priest, religious instructor, counselor, school administrator, school teacher, surrogate parent, spiritual mentor, emotional mentor, and/or other authority figure, where the Perpetrator was able to commit the wrongful acts against the Plaintiff.  Defendants failed to use reasonable care in investigating the Perpetrator and failed to provide adequate warning to the Plaintiff and the Plaintiff's family of the Perpetrator's dangerous propensities and unfitness.  Defendants further failed to take reasonable measures to prevent future sexual and physical abuse.

41.    As a result of the above-described conduct, the Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## SIXTH CAUSE OF ACTION
### (Fraud)
### (Against All Defendants)

42.    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

43.    Defendants knew and/or had reason to know of the sexual misconduct of the Perpetrator.

44.    Prior to and continuing throughout Plaintiff's attendance at Defendants' facilities including, but not limited to churches, rectories, schools and retreat centers, Defendants made false representations that the Perpetrator was a Catholic priest and teacher who could be trusted with minor parishioners and/or minor students on a daily basis.

45.    Prior to and continuing throughout Plaintiff's attendance at Defendants' facilities including, but not limited to churches, rectories, schools and retreat centers, Defendants made false representations that these facilities provided safe, wholesome, and healthy environments for minor parishioners and/or minor students.

46.    Prior to the time that Plaintiff began attending Defendants' facilities including, but not limited to churches, rectories, schools and retreat centers, Defendants made false representations and/or fraudulent omissions and concealments and/or failed to disclose information relating to sexual misconduct of the Perpetrator as described herein.   Defendants continued to make false representations, fraudulent omissions and concealments, and failures to disclose information relating to sexual misconduct of the Perpetrator as described herein throughout the time period that Plaintiff attended Defendant's facilities.

47.    Prior to the time that Plaintiff began attending Defendants' churches, rectories, schools and retreat centers, Defendants made false representations and/or fraudulent omissions and concealments and/or failed to disclose information relating to their policy, pattern, and practice of transferring abusive priests to Hawaii, transferring abusive priests from parish to parish and school to school in New York, covering up sexual abuse by priests and other employees and/or agents, encouraging victims not to report abuse, failing themselves to report abuse to parents of children who may have been abused, failing to report abuse to law enforcement authorities, and generally failing to take reasonable steps to prevent sexual abuse.

48.    Defendants made said false representations, fraudulent omissions and concealments and/or failures to disclose with knowledge of their false and fraudulent nature.

49.    Defendants made said false representations, fraudulent omissions and concealments and/or failures to disclose in contemplation of Plaintiff's reliance thereon or without knowledge of their truth or falsity.

50.    Plaintiff justifiably relied upon Defendants' false representations, fraudulent omissions and concealments, and/or failures to disclose.

51.    As a direct result of Defendants' fraud, Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace,

humiliation, and loss of enjoyment of life; has suffered and continues to suffer spiritually; was prevented and will continue to be prevented from performing Plaintiff's daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling. After Plaintiff discovered the fraud, and continuing thereafter, Plaintiff experienced extreme and severe mental and emotional distress that Plaintiff had been the victim of the Defendants' fraud; that Plaintiff had not been able to help other minors being molested because of the fraud; and that Plaintiff had not been able because of the fraud to receive timely medical treatment needed to deal with the problems Plaintiff had suffered and continues to suffer as a result of the molestations.

**SEVENTH CAUSE OF ACTION**
**(Negligent Infliction of Emotional Distress)**
**(Against all Defendants)**

52. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

53. As described above, Defendants conduct was grossly negligent, and constituted an aggravated or magnified failure to use that care which a reasonable person would use to avoid injury to other people.

54. As a result of Defendants' gross negligence, Plaintiff has suffered serious emotional distress.

55.     The serious emotional distress suffered by Plaintiff is such that a reasonable person, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of this case.

56.     Defendants' breach of duty and gross negligence was the legal cause and proximate cause of the serious emotional distress suffered by Plaintiff.

57.     As a direct result of the above-described conduct, Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered and continues to suffer spiritually; was prevented and will continue to be prevented from performing Plaintiff's daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

### EIGTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (Against all Defendants)

58.     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

59.     Defendants' conduct was unreasonable, extreme, outrageous, and intentional.

60.     Defendants knew or should have known that their conduct would result in severe emotional distress to Plaintiff.

61.     As a result of Defendants' conduct, Plaintiff experienced and continues to experience severe emotional distress resulting in bodily harm.

62.     As a result of the above-described conduct, Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered and continues to suffer spiritually; was prevented and will continue to be prevented from performing Plaintiff's daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

### NINTH CAUSE OF ACTION
### (Premises Liability)
### (Against all Defendants)

63.     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

64.     At all times herein mentioned, Defendants were in possession of the property where the Plaintiff was groomed and assaulted by the Perpetrator, and had the right to manage use and control that property.

65.   At all times herein mentioned, Defendants knew or should have known that the Perpetrator had a history of committing sexual assaults against children, including Plaintiff, and that any child at, among other locations, Defendants' churches, rectories, schools and retreat centers, was at risk to be sexually assaulted by the Perpetrator.

66.   Defendants knew or should have known that Defendant Dioceses and Defendant School had a history of sexual assaults against children, including Plaintiff, committed by the Perpetrator and that any child at, among other locations, the Defendants' churches, rectories, schools and retreat centers, was at risk to be sexually assaulted.  It was foreseeable to Defendants that the Perpetrator would sexually assault children, including Plaintiff, if they continued to allow the Perpetrator to teach, supervise, instruct, care for, and have custody and control of and/or contact with children.

67.   At all times herein mentioned, Defendants knew or should have known the Perpetrator was repeatedly committing sexual assaults against children, including Plaintiff, on their premises.

68.   It was foreseeable to Defendants that the sexual assaults being committed by the Perpetrator on their premises would continue if Defendants continued to allow the Perpetrator to teach, supervise, instruct, care for, and have custody of and/or contact with young children, including Plaintiff.

69.     Defendants knew or should have known that the sexual assaults being committed by the Perpetrator on their premises, including those against Plaintiff, would persist if they continued to allow him to teach, supervise, instruct, care for, and have custody of and/or contact with young children.

70.     Defendants owed a duty of care to all children, including Plaintiff, exposed to the Perpetrator.  In addition, because Plaintiff was a parishioner and student of Defendants' Dioceses and Defendant School, a special relationship existed between the parties, and Defendants owed a heightened duty to Plaintiff to protect Plaintiff from reasonably foreseeable dangerous conditions, including the abusive acts of the Perpetrator, which existed upon their premises.

71.     By allowing the Perpetrator to teach, supervise, instruct, care for, and have custody of and/or contact with young children, including Plaintiff, and by failing to warn children and their families, including Plaintiff, of the threat posed by the Perpetrator, Defendants breached their duty of care to all children, including Plaintiff.  In addition, Defendants knew or had reason to know that they had the ability to control the Perpetrator and knew or should have known of the necessity and opportunity for exercising such control, but failed to do so.  Defendants' conduct was grossly negligent and constituted an aggravated or magnified failure to use that care which a reasonable person would use to avoid injury to other people.

72.    Defendants' use and management of Defendants' churches, rectories, schools and retreat centers created a dangerous condition and an unreasonable risk of harm to children, including Plaintiff, by allowing the Perpetrator to teach, supervise, instruct, care for and have custody of and/or contact with young children, including Plaintiff, at, among other locations, Defendant Dioceses and Defendant School.

73.    As a result of the dangerous conditions created by Defendants, numerous children, including Plaintiff, were sexually assaulted by the Perpetrator.

74.    The dangerous conditions created by Defendants were the proximate cause of Plaintiff's injuries and damages.

75.    As a result of these dangerous conditions, Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered and continues to suffer spiritually; was prevented and will continue to be prevented from performing Plaintiff's daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## TENTH CAUSE OF ACTION
### (Punitive Damages)
### (Against all Defendants)

76.     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

77.     By reason of the above alleged acts, omissions, or conduct, Defendants acted willfully, wantonly, oppressively, and/or with such malice as implies a spirit of mischief or criminal indifference to civil obligations, and/or with willful misconduct and/or that entire want of care which would raise a presumption of conscious indifference to the consequences of their conduct.  Defendants are therefore liable to Plaintiff for punitive damages in amounts to be determined at trial.  In addition, Plaintiff has a statutory right to seek punitive damages for the aforesaid violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against each of the Defendants as follows:

a.     Judgment in favor of Plaintiff and against Defendants and each of them, jointly and severally, for general, special and compensatory damages in an amount proven at trial.

b.     Judgment in favor of Plaintiff and against Defendants and each of them, jointly and severally, for punitive and exemplary damages in an amount proven at trial.

    c.      Pre and post-judgment interest, costs of suit, and attorneys' fees in favor of Plaintiff and against Defendants and each of them, jointly and severally.

    d.      Such further, supplementary or other relief as is appropriate and warranted to achieve a fair and just result in this case.

DATED:  Honolulu, Hawaii, April 22, 2014.

JAW LEGAL

By:   /s/Jared A. Washkowitz   *Jared A. Washkowitz*
Jared A. Washkowitz

LAW OFFICES OF BETTI & ASSOCIATES
Michele M. Betti

Attorneys for Plaintiff DAVID HUSTED, JR.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff David Husted, Jr.  demands a trial by jury of the maximum number permitted by law, on all issues herein so triable.

DATED:  Honolulu, Hawaii, April 22, 2014.

JAW LEGAL

By:   /s/Jared A. Washkowitz   *Jared A. Washkowitz*
Jared A. Washkowitz

LAW OFFICES OF BETTI & ASSOCIATES
Michele M. Betti

Attorneys for Plaintiff DAVID HUSTED, JR.