IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAVID HUSTED, JR., | ) | CIVIL NO. 14-00192 SOM/BMK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING THE SOUTHDOWN |
| | ) | INSTITUTE'S MOTION TO DISMISS |
| vs. | ) | |
| | ) | |
| ROMAN CATHOLIC CHURCH IN THE | ) | |
| STATE OF HAWAII, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING THE SOUTHDOWN INSTITUTE'S MOTION TO DISMISS**

**I.     INTRODUCTION.**

Defendant The Southdown Institute ("Southdown") moves to dismiss the claims asserted against it in Plaintiff David Husted, Jr.'s Complaint filed on April 11, 2014. The motion to dismiss is denied.

**II.    FACTUAL BACKGROUND.**

Husted alleges that he was sexually abused from 1979 to 1982 by Defendant James A. Spielman while Husted was a student at Archbishop Walsh High School. ECF No. 1, PageID # 2, 3-4. According to Husted, Spielman was treated by Southdown, an organization in Ontario, Canada, that provides support for members of the clergy with addiction and mental health issues. Id., PageID # 4. Husted alleges that "sometime between 1970 and 1993 Perpetrator Spielman was assigned to The Southdown Institute in Ontario, Canada specifically to address his issues with addiction and mental health relating to the sexual abuse of

minors." Id., PageID # 10.  Plaintiff contends that Southdown "knew and/or should have known the Perpetrator was not fit to serve in ministry involving interactions with children yet released him back into ministry." Id., PageID # 5.

Husted's Complaint asserts the following claims against Southdown: (1) offensive physical contact/childhood sexual assault; (2) imminent battery; (3) gross negligence; (4) negligent supervision/failure to warn; (5) negligent hiring/retention; (6) fraud; (7) negligent infliction of emotional distress; (8) intentional infliction of emotional distress; (9) premises liability; (10) punitive damages. Id., PageID # 16-33.

Southdown now seeks dismissal of the claims against it in Husted's Complaint for failure to state a claim upon which relief can be granted. See ECF No. 39.  Southdown argues that Husted's Complaint shows that Spielman could not have been assigned to Southdown until after 1983, by which time the alleged abuse had ceased. Id., PageID # 252-53.  On that basis, Southdown contends that "Plaintiff has failed to allege that Defendant Southdown either could have prevented Defendant Spielman's alleged abuse of Plaintiff prior to or between 1979 and 1982 or that Defendant Southdown's acts or omissions prior to or between 1979 and 1982 proximately caused Plaintiff's damages."

2

Id., PageID # 253.

**III.    STANDARD.**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court's review is generally limited to the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment. See Keams v. Tempe Tech. Inst., Inc., 110 F.3d 44, 46 (9th Cir. 1997); Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). Courts may "consider certain materials--documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. Sprewell, 266 F.3d at 988; Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

Additionally, the court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell, 266 F.3d at 988.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)).

"[T]o survive a Rule 12(b)(6) motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

not do." Twombly, 550 U.S. at 555. The complaint must "state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

**IV.    ANALYSIS.**

Southdown's motion to dismiss is based on illogical conclusions regarding the allegations in Husted's Complaint. Southdown treats Husted's allegation that he was abused by Spielman from 1979 to 1982 in New York as estopping Husted from claiming that Spielman might have been in Ontario, where Southdown is located, at any point during that time period. See ECF No. 39, PageID # 253, 255-56. Southdown argues that Spielman could not be said to have been at Southdown until after that period. Id.

This conclusion is flawed. Southdown assumes that Husted's allegations that he was abused by Spielman in New York from 1979 to 1982 require that Spielman have been in New York every day of that time period. Nowhere does Husted allege that Spielman was continuously in New York from 1979 to 1982. Husted's allegations of abuse in New York from 1979 to 1982 do not suggest to a reasonable reader that he is thereby stating that Spielman never traveled out of New York during that time

5

period or that Spielman did nothing else during that time period.

Nor does Southdown explain how Husted's Complaint demonstrates that Spielman could not have been at Southdown between 1970 and 1979, before the alleged abuse.  If Southdown is relying on Husted's allegation that Spielman was transferred between parishes prior to 1979, Southdown's reliance on such an allegation as justifying dismissal of Husted's claims against it suffers from the same infirmity as its argument addressed above.  The mere allegation that Spielman was transferred to different parishes prior to 1979 in no way precludes treatment at Southdown between 1970 and 1979.

Southdown also points to Husted's allegation that several students reported abuse by Spielman to teachers and staff at Archbishop Walsh High School from 1979 through 1983, but that "nothing was done."  ECF No. 1, PageID # 13.  According to Southdown, Husted's Complaint therefore establishes that Spielman could not have been at Southdown until after 1983.  Id.  Again, Southdown's conclusion is unwarranted.  First, Husted does not allege that Archbishop Walsh High School was the party that referred Spielman to Southdown.  Instead, Husted's Complaint states that Southdown treated Spielman "at the request of the Buffalo and/or Honolulu Diocese," both parties to this case.  ECF No. 1, PageID # 4.  Second, Husted's allegation that "nothing was done" in no way undermines his allegation that Spielman was

6

treated at Southdown sometime between 1970 and 1993, and it certainly does not demonstrate that Husted's claims against Southdown must be dismissed because they are "implausible."

For the first time in its reply memorandum, Southdown contends that Husted's claims against it must be dismissed because it was in 1989 that it treated Spielman, after the alleged abuse had stopped. ECF No. 57, PageID # 635. This argument may be disregarded pursuant to Local Rule 7.4 because it was raised for the first time in a reply memorandum. However, even assuming the court considers it, the arguments do not support dismissal of Husted's claims against Southdown. In reviewing a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court treats all allegations of material fact by the plaintiff as true. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). Thus, for the purposes of this motion, the court assumes the truth of Husted's allegation that Spielman was treated by Southdown sometime between 1970 and 1993. Southdown's contention that it treated Spielman in 1989 is in no way at odds with that allegation and, in any event, may not trump Husted's allegation on this motion to dismiss. Southdown does not demonstrate that Husted's allegation regarding the timing of Spielman's treatment is unreasonable or implausible. At most, Southdown presents a factual dispute that does not affect whether it is entitled to

7

dismissal under Rule 12(b)(6).

The court also declines to consider the materials attached to Southdown's reply memorandum, including a declaration from the Chief Executive Officer of Southdown. Under Rule 12(b)(6), the court's review is generally limited to the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). None of the materials attached to Southdown's reply are of the kind that are excepted from this rule. See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may . . . consider certain materials--documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment."). If this court considered the materials attached to Southdown's reply, the court would be allowing Southdown to convert its own motion to dismiss into a summary judgment motion at the close of the briefing. Husted would not have an automatic right to file a memorandum responding to Southdown's newly raised evidence. This would be patently unfair to Husted.

**V.      CONCLUSION.**

Southdown's motion to dismiss is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 9, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Husted v. Roman Catholic Church in the State of Hawaii, et al., Civ. No. 14-00192 SOM/BMK; ORDER DENYING THE SOUTHDOWN INSTITUTE'S MOTION TO DISMISS