Of Counsel
RUFO LAW GROUP, LLLC

SERGIO RUFO          8211
1050 Bishop Street, # 322
Honolulu, Hawai`i 96813
Telephone: (808) 852-7836
E-mail: sergio@RufoLawGroup.com

Attorneys for Defendant
THE SOUTHDOWN INSTITUTE

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| DAVID HUSTED, JR., an individual<br><br>Plaintiff,<br><br>vs.<br><br>ROMAN CATHOLIC CHURCH IN THE STATE OF HAWAI`I, A.K.A. THE ROMAN CATHOLIC DIOCESE OF HONOLULU; THE DIOCESE OF BUFFALO, N.Y.; SOUTHERN TIER CATHOLIC SCHOOL ARCHBISHOP WALSH ACADEMY; THE SOUTHDOWN INSTITUTE; JAMES A. SPIELMAN; and DOE DEFENDANTS 1-10,<br><br>Defendants. | CIVIL NO. CV14-00192 SOM/BMK<br><br>DEFENDANT THE SOUTHDOWN INSTITUTE'S **FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** TO PLAINTIFF DAVID HUSTED, JR. |

## DEFENDANT THE SOUTHDOWN INSTITUTE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF DAVID HUSTED, JR.

COMES NOW Defendant THE SOUTHDOWN INSTITUTE ("Southdown"), by and through its attorneys, Rufo Law Group, LLLC, and hereby propounds its First Set of Requests for Production of Documents on Plaintiff David Husted, Jr. Plaintiff's answers and objections to Defendant's First Set of Requests for Production of Documents shall be provided within thirty (30) days following service thereof.

The Requests are to be read, interpreted, and answered in accordance with the Instructions and Definitions below.

### INSTRUCTIONS

A.     You are required to answer each request separately, fully, and in writing in accordance with the Federal Rules of Civil Procedure.

B.     At the time and place that you produce the documents requested herein, you are requested to produce them in the same order as you maintain them in the ordinary course of business.

C.     All documents are to be produced which are in your possession, custody or control. The possession of your attorney is deemed to be your possession so that, apart from privileged matters, if your attorney has possession of documents requested herein, said documents must be produced.

D.     If you object to producing a document because of a privilege,

2

you are required to provide the following information relating to the document,
unless divulging the information would disclose the privileged information:

1)      Its date;

2)      The title thereof, if any;

3)      The type of document (e.g., correspondence,
memorandum, facsimile, etc.,), custodian, location, and such
other information sufficient to identify the document for a
subpoena *duces tecum* or a document request, including, where
appropriate, the author, the addressee, and any other person to
whom a copy was furnished and to whom the withheld material
or its contents has been disclosed;

4)      The general subject matter of each document; and,

5)      The basis for such a claim of privilege or other grounds
for withholding production.

  E. All documents are to be produced, including the drafts thereof,
in their entirety, without redaction or expurgation of any kind or nature.  In the
event that any information is redacted from a document produced pursuant to this
document request, identify where the redaction has been made by stamping or
writing the word "Redacted" in the location where the information has been
deleted and separately log each redaction on the privilege log.

  F. In the event that any document(s) responsive to any of the

requests is no longer in your possession, custody or control, or in existence, state whether it is (1) missing or lost; (2) destroyed; (3) transferred voluntarily or involuntarily to others, and if so, to whom; or (4) otherwise disposed of. In each instance, explain the circumstances surrounding destruction or disposal of each document and state the approximate date thereof.

G.     If you cannot comply in full with any request, comply with the extent possible and explain why full compliance is not possible.

H.     These Requests shall be deemed continuing so as to require supplemental responses should you obtain further information between the time of responding to this Request and the time of trial.

## DEFINITIONS

1.     As used herein, the terms "Plaintiff," "you," or "your" refers to Plaintiff in the above-captioned action, DAVID HUSTED, JR.

2.     As used herein, the term "Southdown" refers to Defendant THE SOUTHDOWN INSTITUTE.

3.     As used herein, the word "identify" when used in connection with a natural person means to state the person's full name, residential address, residential telephone number, if known, present or last known business address and telephone number and relationship to the Plaintiff. When used in connection with a non-natural entity, "identify" means to state its full legal name, address, type of organization, and telephone number. When used in connection with a document or

4

other inanimate object, "identify" means to provide sufficient information to

enable Defendant to subpoena the document or object, including, without

limitation, its nature, title, subject matter, its date of creation, the name of its author

or person signing it, and the name and address of its present custodian.  In lieu of

describing the document, you may attach a legible copy to the responses to the

Interrogatories, provided that each document is appropriately marked to identify

the Interrogatory to which it is responsive.

4.    As used herein, the words "document(s)" and "communication"

are intended to have the broadest possible meaning and include, without limitation,

anything coming within the scope of discovery set forth in the Federal Rules of

Civil Procedure.  A draft or non-identical copy is a separate document within the

meaning of this term.  Without limiting the generality of the foregoing, the terms

"document" and "communication" include the following items, whether printed,

written, or reproduced by hand or by any mechanical or electronic process:

agreements; reports; correspondence; telegrams; electronic mail (email);

memoranda; summaries or records of telephone conversations, personal

conversations, interviews, meetings, or conferences; calendars, diaries or

notebooks; plans, drawings, sketches, or maps; summaries or reports of

investigations; opinions of consultants; photographs, motion picture film, tape

recordings, and videotapes, as well as computerized still picture, all mechanical

and electronic audio and video recordings or transcripts thereof, and other data

compilations from which information can be obtained and translated; computer

disks, tapes, hard drives, and other storage media; brochures, pamphlets,

advertisements, circulars, newspaper or magazine articles, and press release;

government certificates, applications, permits, licenses, and registrations; books or

other records of accounts, vouchers, checks, purchase orders, invoices, charge

slips, expense account reports, sales records, and receipts; statistical records,

calendars, appointment books, time sheets or logs, and job or transaction files; and

computer printouts or papers similar to or reflecting any of the foregoing.  The

term "communication" shall mean the transmittal of information (in the form of

facts, ideas, inquiries or otherwise), orally, in writing, or in any other form.

     5.     As used herein, the term "person" or "persons" means and

includes all natural persons and all private and governmental organizations and

their representatives and agents.

     6.     As used herein, the term "relating to" means concerning,

recording, discussing, mentioning, noting, constituting, supporting, corroborating,

evidencing, summarizing, referring to, commenting on, describing, digesting,

reporting, listing, analyzing, demonstrating, showing, contradicting, refuting,

reflecting, embodying, identifying, stating or studying the subject matter identified

in a Request.

7.     As used herein, the words "and" and "or" shall be construed conjunctively and disjunctively; the singular shall include the plural and vice versa; and the term "including" shall mean "including without limitation."

8.     As used herein, the term "describe" shall mean to provide fully and unambiguously every fact relevant to the answer called for by an Interrogatory of which Defendant has knowledge.

9.     As used herein, the term "Complaint" refers to the Complaint, filed April 22, 2014, in the above-captioned action.

DATED:  Honolulu, Hawai`i, _____3/6/15_____.


 /s/  Sergio Rufo
SERGIO RUFO
RUFO LAW GROUP, LLLC

Attorneys for Defendant
THE SOUTHDOWN INSTITUTE


Civil No. CV14-00192 SOM-BMK; *Husted, Jr. vs. Roman Catholic Church in the State of Hawai`i, et al.*; DEFENDANT THE SOUTHDOWN INSTITUTE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF DAVID HUSTED, JR.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Any and all documents establishing that "Perpetrator Spielman was assigned to The Southdown Institute in Ontario, Canada," as alleged in your Complaint.

   RESPONSE:

2. Any and all documents establishing that "Perpetrator Spielman was assigned to The Southdown Institute in Ontario, Canada," as alleged in your Complaint, prior to 1989.

   RESPONSE:

3. Any and all documents establishing that there exists a "unity of control" between Defendants and The Southdown Institute, as alleged in your Complaint.

   RESPONSE:

4. Any and all documents received from or provided to any person whom you may call as a lay witness at trial.

   RESPONSE:

5. Any and all documents received from or provided to any person whom you
   may call as an expert witness at trial.

   <u>RESPONSE</u>:


   DATED: Honolulu, Hawai`i, _____3/6/15_____.


   _/s/  Sergio Rufo_____
   SERGIO RUFO
   RUFO LAW GROUP, LLLC

   Attorneys for Defendant
   THE SOUTHDOWN INSTITUTE


Civil No. CV14-00192 SOM-BMK; *Husted, Jr. vs. Roman Catholic Church in the
State of Hawai`i, et al.*; DEFENDANT THE SOUTHDOWN INSTITUTE'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF
DAVID HUSTED, JR.