Of Counsel
RUFO LAW GROUP, LLLC

SERGIO RUFO          8211
1050 Bishop Street, # 322
Honolulu, Hawai`i  96813
Telephone:  (808) 852-7836
E-mail:  sergio@RufoLawGroup.com

Attorneys for Defendant
THE SOUTHDOWN INSTITUTE

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| DAVID HUSTED, JR., an individual<br><br>Plaintiff,<br><br>vs.<br><br>ROMAN CATHOLIC CHURCH IN THE STATE OF HAWAI`I, A.K.A. THE ROMAN CATHOLIC DIOCESE OF HONOLULU; THE DIOCESE OF BUFFALO, N.Y.; SOUTHERN TIER CATHOLIC SCHOOL ARCHBISHOP WALSH ACADEMY; THE SOUTHDOWN INSTITUTE; JAMES A. SPIELMAN; and DOE DEFENDANTS 1-10,<br><br>Defendants. | CIVIL NO. CV14-00192 SOM/BMK<br><br>DEFENDANT THE SOUTHDOWN INSTITUTE'S **MOTION FOR SUMMARY JUDGMENT;** MEMORANDUM IN SUPPORT OF MOTION; AFFIDAVIT OF DOROTHY HEIDERSCHEIT; EXHIBITS "A" - "C;" DECLARATION OF SERGIO RUFO; EXHIBITS "D" - "H;" CERTIFICATE OF SERVICE |

## DEFENDANT THE SOUTHDOWN INSTITUTE'S
## MOTION TO DISMISS COMPLAINT

Defendant THE SOUTHDOWN INSTITUTE ("Southdown"), by and through its attorneys, RUFO LAW GROUP, LLLC, respectfully seeks judgment as a matter of law as to all claims against Southdown in Plaintiff's *Complaint for Damages* (Doc. 1; "Complaint"), filed by Plaintiff David Husted, Jr., on April 22, 2014.  Southdown did not have any relationship with Defendant Spielman until several years ***after*** the abuse alleged in the Complaint took place; thus, as a matter of law, Southdown cannot be liable for Plaintiff's damages.

This Motion is brought pursuant to Rules 7 and 56 of the Federal Rules of Civil Procedure and Rules 7.1 and 56.1 of the Local Rules of the District Court for the District of Hawai`i, and is supported by the attached memorandum, declaration, affidavit, and exhibits, the files and pleadings in this case, as well as any evidence or arguments as may be presented at the hearing of this Motion.

DATED:  Honolulu, Hawai`i, May 5, 2015.


 /s/ *Sergio Rufo*
SERGIO RUFO
RUFO LAW GROUP, LLLC

Attorneys for Defendant
THE SOUTHDOWN INSTITUTE

2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| DAVID HUSTED, JR., an individual<br><br>Plaintiff,<br><br>vs.<br><br>ROMAN CATHOLIC CHURCH IN THE STATE OF HAWAI`I, A.K.A. THE ROMAN CATHOLIC DIOCESE OF HONOLULU; THE DIOCESE OF BUFFALO, N.Y.; SOUTHERN TIER CATHOLIC SCHOOL ARCHBISHOP WALSH ACADEMY; THE SOUTHDOWN INSTITUTE; JAMES A. SPIELMAN; and DOE DEFENDANTS 1-10,<br><br>Defendants. | CIVIL NO. CV14-00192 SOM/BMK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

**MEMORANDUM IN SUPPORT OF MOTION**

I.    **INTRODUCTION**

Plaintiff David Husted, Jr., a citizen of Texas, brings this action in Hawai`i for abuse suffered near Buffalo, N.Y., between 1979 and 1982.  As explained below, it is undisputed that Defendant James A. Spielman, referred to as "Perpetrator" by Plaintiff, was treated at Southdown beginning in 1989, seven to ten years *after* the abuse in the Complaint allegedly took place.  There being no

issue as to this material fact, Southdown is entitled to judgment as a matter of law on all claims in Plaintiff's Complaint.

## II.    BACKGROUND

### A. Allegations in the Complaint.

Plaintiff is a resident of Texas and was between the ages of 14 and 17 years old when the abuse alleged occurred near Buffalo, N.Y., between 1979 and 1982.  Compl., ¶¶ 1, 2.2, 3.  Plaintiff alleges that, "Prior to 1979, Perpetrator Spielman was transferred from parish to parish because of allegations of child sexual abuse."  Compl., ¶13(D).  From "September 1979 through 1982 Perpetrator Spielman was transferred to Archbishop Walsh High School…[;]" said school "was under the jurisdiction and control of the Defendant Buffalo Diocese."  Compl., ¶13(E).  Defendant Spielman "sexually abused and molested Plaintiff David Husted, Jr. in or about 1979-1982 when David Husted, Jr. was a minor between the ages of 14 and 17 years old."  Compl., ¶ 16(C).

According to the Complaint, Defendant Southdown was established "to help the needs of religious [sic] and clergy with addictions."  Compl., ¶ 2.3.  Also according to the Complaint, "sometime between 1970 and 1993 Perpetrator Spielman was assigned to The Southdown Institute in Ontario, Canada specifically to address his issues with addiction and mental health relating to the sexual abuse of minors."  Compl., ¶ 13(H).

2

## B. Plaintiff's Discovery Responses.

Southdown propounded basic discovery requests on Plaintiff on March 6, 2015, seeking information and documents supporting Plaintiff's claim that Defendant Spielman was treated at Southdown prior to 1989.  Declaration of Sergio Rufo, ¶ 3.  Plaintiff's discovery responses (dated March 30, 2015) do not contain information narrowing Plaintiff's allegation that, "sometime between 1970 and 1993," Defendant Spielman was treated at Southdown.  *Id.*, ¶ 4; Exhibits "D" and "E."  Similarly, the 18 pages of documents produced by Plaintiff do nothing to controvert the undisputable fact that Defendant Spielman was not treated at Southdown prior to 1989.  *Id.*, ¶ 5; Exhibit "F."

## III.   STANDARD OF REVIEW

The purpose of summary judgment is "to identify and dispose of factually unsupported claims and defenses." *Casumpang v. Int'l Longshore & Warehouse Union, Local 142*, 361 F. Supp. 2d 1195, 1200 (D. Haw. 2005) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 232, 106 S.Ct. 2548, 2552 (1986)); *Lum v. Vision Serv. Plan,* 104 F. Supp. 2d 1237, 1240 (D. Haw. 2000). Summary judgment shall be granted when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

3

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Lum,* 104 F. Supp. 2d at 1240.

An issue is material if the resolution of the factual dispute affects the outcome of the claim or defense under the substantive law governing the case. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F .3d 912, 919 (9th Cir. 2001); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). There is no genuine issue of fact if the party opposing the motion "fails to make an adequate showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*,477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).

## IV.    ARGUMENT

### A.    Defendant Spielman Was Not Treated at Southdown Prior to 1989, Years After the Abuse Allegedly Took Place.

Plaintiff alleges the following in his Complaint:

| DATE | ALLEGATION | PARAGRAPH |
|---|---|---|
| Prior to 1979 | Defendant Spielman was transferred from parish to parish … including Scio [New York], Jamestown [New York] and Springville [New York] parishes. | 13 (D) |
| 1979-1982 | Defendant Spielman was transferred to Archbishop Walsh High School [in New York]. | 13(E) |
| 1979-1982 | Defendant Spielman was teaching at Archbishop Walsh Academy in New York | 13(E) |
| 1979-1982 | Defendant Spielman, while at Archbishop Walsh Academy, sexually abused Plaintiff. | 16(C) |

4

| 1979-1983 | Teachers and staff at Archbishop Walsh Academy knew Plaintiff and several other students were being abused by Defendant Spielman; however, ***nothing was done***. | 16(E) (emphasis added) |
| Sometime between 1970 -1993 | Defendant Spielman was assigned to The Southdown Institute in Ontario, Canada. | 13(H) |
| 1993 | Defendant Spielman resigned from ministry. | 13(J) |

As explained in the Affidavit of Dorothy Heiderscheit, OSF, dated April 29, 2015, Defendant Spielman attended Southdown starting in 1989.  *See* Declaration/Affidavit of Dorothy Heiderscheit, OSF, 4/29/15, ¶ 11(a) and Exhibit "B."  Thus, while Plaintiff's broad allegation (that Defendant Spielman was treated at Southdown "sometime between 1970 and 1993") may be *technically* correct, because the abuse alleged in the Complaint took place between 1979 and 1982 and Defendant Spielman was treated at Southdown starting in 1989, Southdown cannot be liable in any way, shape, or form for Plaintiff's damages.  Accordingly, Defendant Southdown is entitled to judgment as a matter of law on all claims in Plaintiff's Complaint.

**B.    Plaintiff's Discovery Responses Confirm There is No Genuine Issue as to When Defendant Spielman was at Southdown.**

Defendant Southdown's discovery requests to Plaintiff were calculated to discover information which supports Plaintiff's vague allegations that Defendant Spielman was assigned to Southdown for "residential programming" and "post-residential continuing care" (Compl., ¶ 2.3) "sometime between 1970

5

and 1993" (Compl., ¶ 16(E)).  Defendant Southdown asked Plaintiff for the "exact dates" that Defendant Spielman was assigned to Southdown; Plaintiff responded, in sum, "sometime between 1970 and 1993."  *See* Exhibit "D," pp. 4-5 (Interrogatory No. 2).

Further, Defendant Southdown asked Plaintiff to "identify any fact, witness, or document which establishes that 'Perpetrator Spielman was assigned to The Southdown Institute in Ontario, Canada,' as alleged in your Complaint, prior to 1989."  *Id.*, p. 5 (Interrogatory No. 3).  Utilizing the same *pro forma* response prevalent throughout Plaintiff's pleadings to date, Plaintiff again responded, "sometime between 1970 and 1993."  *Id.*, p. 6.

In response to document requests, while Plaintiff did produce 18 pages of discovery, nothing therein even creates an inference (much less a genuine issue) that Defendant Spielman was treated at Southdown at any time prior to 1989.  Specifically, Plaintiff produced the following (at Exhibit "F"):

Southdown's Exit Sheet (HUSTED 000 143);

Article re Southdown's History (HUSTED 000 144);

Article re Southdown's Low Enrollment (HUSTED 000 145-147);

Article re a priests' "Broken Vows" (HUSTED 000 148-158); and,

Printout of Southdown's home webpage (HUSTED 000 159-160).

None of the foregoing documents have anything to do with Defendant Spielman; they certainly do not establish that he was at Southdown at any time prior to 1989.  Thus, Plaintiff has no support for his allegation that Defendant Spielman was treated at Southdown prior to 1989.

Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial.  *Phillips v. Beck*, 2007 WL 2972605, at *2 (D. Haw. October 9, 2007) (Exhibit "G"), *citing Celotex Corp. v. Catrett*, 477 U .S. 317, 323 (1986).  The non-moving party may not rely on the mere allegations in the pleadings and, instead, must set forth specific facts showing that there is a genuine issue for trial.  *Id.*, *citing Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 891 (9th Cir. 2005) (internal quotations and citation omitted).

The nonmoving party must set forth specific facts showing that there is a genuine issue for trial.  *Maui Elec. Co. v. Chromalloy Gas Turbine*, 2015 WL 1442961, at *4 (D. Haw. March 27, 2015) (Exhibit "H") (citation omitted).  "[I]f the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." *Id., quoting Cal. Arch'l Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.,* 818 F.2d 1466, 1468 (9th Cir. 1987).

Here, the facts render Plaintiff's claim against Southdown implausible -- Defendant Spielman was at Southdown 7-10 years *after* the abuse alleged in the Complaint took place.  Plaintiff has been given ample opportunity to "set forth specific facts" in support of his allegations against Defendant Southdown.  Instead, Plaintiff merely recited, verbatim, the allegations in his Complaint.  Accordingly, Defendant Southdown is entitled to judgment as a matter of law on all claims in Plaintiff's Complaint.

### C. Additional Discovery Will Not Create a Genuine Issue as to When Defendant Spielman was at Southdown.

Plaintiff may argue in opposition to the instant Motion that additional discovery will reveal information that establishes Dr. Spielman was treated at Southdown prior to 1989.  This argument should be disregarded.

For reasons set forth in the Affidavit of Dorothy Heiderscheit, Defendant Southdown has no documents regarding its treatment of Defendant Spielman, other than the aforementioned Exit Sheet.  Affidavit of Dorothy Heiderscheit, 4/29/15, ¶ 13.  Moreover, because the allegations in the Complaint are from the 1970s and 1980s, no one at Southdown has ever even heard of James Spielman; they certainly do not have any discoverable information regarding Defendant Spielman's time at Southdown or any of the other allegations in Plaintiff's Complaint.  *Id.*, at 14.  Thus, it is respectfully submitted that the instant Motion should be granted without forcing Defendant Southdown to spend

8

additional time and resources while Plaintiff attempts to find information which cannot be true and does not exist.

## V.  CONCLUSION

Based on the foregoing, Defendant Southdown respectfully requests that this Court grant the instant Motion and enter judgment as a matter of law in favor of Defendant Southdown as to all claims in Plaintiff's Complaint.

DATED:  Honolulu, Hawai`i, May 5, 2015.


         /s/ *Sergio Rufo*
         SERGIO RUFO
         RUFO LAW GROUP, LLLC

         Attorneys for Defendant
         THE SOUTHDOWN INSTITUTE

---

*Husted v. Roman Catholic Church in the State of Hawai`i, et al*; Civ. No. 14-00192 SOM/BMK; United States District Court for the District of Hawaii; DEFENDANT THE SOUTHDOWN INSTITUTE'S MOTION FOR SUMMARY JUDGMENT; MEMORANDUM IN SUPPORT OF MOTION

9