**JAW LEGAL**
Jared A. Washkowitz, Esq. (7653)
1050 Bishop Street, #450
Honolulu, HI 96813
Telephone: (808) 840-7410
Fax: (415) 520-9729
Email: jw102475@gmail.com

**BETTI & ASSOCIATES**
Michele M. Betti, Esq. (CA State Bar No. 204939) *Pro Hac Vice*
1732 Knoll Field Way
Encinitas, California 92024
Telephone: (760) 500-5451
Facsimile: (760) 454-2204
Email: mbettilaw@gmail.com

Attorneys for Plaintiff
DAVID HUSTED, JR.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| DAVID HUSTED, JR., an individual, <br><br> Plaintiff, <br> vs. <br><br> ROMAN CATHOLIC CHURCH IN THE STATE OF HAWAII, A.K.A. THE ROMAN CATHOLIC DIOCESE OF HONOLULU; THE DIOCESE OF BUFFALO, N.Y.; SOUTHERN TIER CATHOLIC SCHOOL ARCHBISHOP WALSH ACADEMY; THE SOUTHDOWN INSTITUTE; JAMES A. SPIELMAN; and DOE DEFENDANTS 1-10, <br><br> Defendants. | Case No. 14-00192 SOM-BMK <br><br> **PLAINTIFF DAVID HUSTED, JR'S MEMORANDUM IN OPPOSITION TO THE SOUTHDOWN INSTITUTE'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF MICHELLE BETTI; EXHIBITS 1-2; SEPARATE STATEMENT; CERTIFICATE OF SERVICE** <br><br> Judge: Hon. Susan Oki Mollway <br> Hearing Date: April 4, 2016 <br> Time: 11:15 a.m. <br><br> Complaint Filed: April 21, 2014 |

Trial Date: September 27, 2016
Time: 9:00 a.m.

# PLAINTIFF DAVID HUSTED, JR'S OPPOSITION TO SOUTHDOWN INSTITUTE'S MOTION FOR SUMMARY JUDGMENT

## TABLE OF CONTENTS

I.# INTRODUCTION 3#

II.# FACTUAL BACKGROUND 6#

III.# SUMMARY JUDGMENT STANDARD 9#

IV.# ARGUMENT 12#

A.# A genuine issue of material fact exists in this case – Fr. Spielman was under Southdown's care between 1970 and 1993. 12#

B.# Discovery is still open. Defendants Diocese of Buffalo and Archbishop Walsh High School are withholding key documents in this case. 15#

C.# An issue of material fact is in dispute that The Southdown Institute treated Fr. Spielman prior to Plaintiff's abuse. 16#

V.# CONCLUSION 18#

## TABLE OF AUTHORITIES

**Cases**#

.E.C. v. Koracorp Indus., Inc., 575 F.2d 692, 699 (9th Cir. 1978) ..................................................... 14

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) ............................................................. 11

Baldazo v. Elko County ex rel. Sheriff's Dept., 3:12-CV-00532-LRH, 2013 WL 5201091, at *2 [D Nev Sept. 13, 2013] ................................................................................................................... 9

Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990); ............................................... 3

Calderone v. United States, 799 F.2d 254, 259 (6th Cir. 1986); ...................................................... 11

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). ....................................................................... 11

County of Tuolumne v. Sonora Community Hospital, 236 F.3d ....................................................... 10

Endsley v. Mayberg, CIV S-09-2311 WBS, 2011 WL 4928551, at *2 [ED Cal Oct. 17, 2011] ......... 9

Graehling v. Village of Lombard, Ill., 58 F.3d 295, 297 (7th Cir. 1995). ........................................... 3

Idema v. Dreamworks, Inc., 162 F.Supp.2d 1129, 1141 (C.D. Cal. 2001). ..................................... 11

Matsushita Electric Industries Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) ..................... 10

Poller v. Columbia Broadcasting System, Inc. (1962) 368 U.S. 464, 473 .................................... 14

Reese v. Jefferson School District No. 14J, 208 F.3d 736 (9th Cir. 2000) ....................................... 11

State of California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998), ................................................ 10

United States v. Perry, 431 F.2d 1020, 1022 (9th Cir. 1970) .......................................................... 14

**Rules**#

Fed. R. Civ. P. 50(c), ....................................................................................................................... 9

Fed. R. Civ. P. 56(c) ............................................................................................................. 10

**Treatises**#

10 C. Wright & A. Miller, Federal Practice and Procedure s 2726 (1973) ......................... 14

## Issues Presented

In deciding this motion, the court need address only the following two issues:

1. That there exists a dispute as to a genuine issue of material fact, namely that Fr. James A. Spielman, employee of the Dioceses of Buffalo, Honolulu and Archbishop Walsh High School, was treated at The Southdown Institute prior to and after the child sexual abuse of Plaintiff David Husted, Jr.; and

2. That Plaintiff has not had the opportunity to discover information that is essential to its opposition of Southdown's Motion for Summary Judgment because each of the Defendants have failed to produce discovery that will show Fr. Spielman was treated at The Southdown Institute prior to and after the dates of abuse.

Should not Plaintiff have the opportunity to prove its causes of action and oppose this motion for summary judgment? The Defendants and each of them have continued to stonewall and usurp the Federal Rules of Civil Procedure to evade the production of relevant documents. As such, is not Defendants' conduct and connection with relevant documents to this case such that it should be ordered to produce such documents prior to the adjudication of this motion for summary judgment?

**I.   INTRODUCTION**

Defendant The Southdown Institute's ("Southdown") Motion for Summary Judgment ("Motion") should be denied. As required by law, Plaintiff David Husted, Jr. ("Plaintiff") has alleged sufficient facts under a cognizable legal theory to state a

cause of action. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990); Graehling v. Village of Lombard, Ill., 58 F.3d 295, 297 (7th Cir. 1995). As alleged, Southdown treated sexual perpetrator James A. Spielman ("Spielman") for "mental illness relating to the sexual abuse of minors" between 1970-1993, which includes the years Plaintiff attended Archbishop Walsh High School (1979-1983) and was molested by Spielman. Complaint ¶ 13(H). Moreover, Southdown's contention that it could not have treated Spielman prior to his employment at Archbishop Walsh High School is without merit or support.

Defendant Southdown admits in its Motion that it has no documents regarding its treatment of Defendant Spielman, other than an Exit Sheet. Motion Pg. 8, ¶3. See also Affidavit of Sister Dorothy Heiderscheit, OSF 4/29/15, ¶¶ 9-13. Indeed, it is without dispute that Southdown does not have the information regarding Spielman's treatment because it destroyed the records, but conveniently kept an exit sheet. Southdown has zero grounds to expect this Court and this Plaintiff to accept its assertions blindly and without independent verification that it never treated Spielman prior to 1989, when Spielman was a known pedophile priest since seminary school and was transferred from parish to parish in the 1970s for his abuse of altar boys aged 9-12 years old at various grammar schools and parishes before being transferred to Archbishop Walsh High School. And then eventually laicized in 1993 and ultimately released from the priesthood. Sister Heiderscheit admits in her Affidavit that the

Exhibit Sheet, (see Motion Exhibit B), shows that Fr. James A. Spielman was referred to Southdown by the Diocese of Buffalo for treatment at Southdown.

Crystal clear from the Affidavit of Sister Heiderscheit is the fact that Southdown's admissions that it destroyed evidence relating to this pedophile priest only serve to create a material issue of fact that Fr. Spielman was treated at The Southdown Institute for psychosexual disorders including pedophilia in the 1970s prior to the child sexual abuse perpetrated against Plaintiff David Husted, Jr.

To be sure, each of the Defendants Southdown, the Diocese of Buffalo and Honolulu, and Southern Tier Catholic School Archbishop Walsh Academy had knowledge their patient and employee Fr. Spielman had issues with psycho-sexual disorders including pedophilia as early as Spielman's seminary schooling. Moreover, Spielman's transfers from parish to parish, absence and sick leaves, his transfer again to Archbishop Walsh High School and then transfer again to parishes is indicative of Defendants' failure to remove this offending priest from and/or adequately monitor his contact with children, including Plaintiff David Husted, Jr.

In fact, the production thus far from the Diocese of Buffalo shows that Spielman as early as 1972 was quite active in seeking medical treatment for his psycho-sexual disorders including pedophilia as stated in its privilege log withholding 41 categories of documents specifically relating to Spielman's medical treatment.

It cannot be overstated that the discovery deadline is July 29, 2016. At a minimum Plaintiff should be allowed to conduct discovery to establish that Fr. Spielman was treated at The Southdown Institute as early as the 1970s and let a jury decide as to the credibility of Southdown's contentions taken together with the Diocese of Buffalo's privilege log. Several meet and confer discussions both verbally and in the format of meet and confer letters have been sent to Defendants Diocese of Buffalo and Archbishop Walsh High School. Both Defendants have refused to produce documents relevant to Plaintiff's causes of action that will lead to the discovery of admissible evidence. Discovery will reveal information, which establishes Fr. Spielman was treated at Southdown prior to 1989.

## II.   FACTUAL BACKGROUND

The Perpetrator Spielman had a long history of molesting boys. He had multiple victims and abused those victims over a number of years beginning as early as the 1970s for several decades through 1993, when he left the priesthood. Complaint ¶ 16(A).

Southdown is the Institute that specifically treated Spielman at the request of the Buffalo and/or Honolulu Diocese for his addictions and mental health issues with child sexual abuse and/or pedophilia. The Southdown Institute provided psychological services to the Perpetrator Spielman, including comprehensive assessments through residential programming to post-residential continuing care by

psychologists, psychiatrists, addictions counselors, spiritual directors and other related professionals.  Complaint at ¶ 2.3.

Plaintiff attended Catholic High School at Archbishop Walsh, which consolidated into Southern Tier Catholic School Archbishop Walsh Academy as a freshman beginning in September 1979 through 1983.  Complaint at ¶ 16(B).  During that time, Spielman was working for and employed by Archbishop Walsh High School, and the Dioceses of Buffalo and Honolulu.  Spielman sexually abused and molested Plaintiff in Hawaii and New York in or about 1979-1982 when Plaintiff was a minor between the ages of 14 and 17 years old.  Complaint at ¶ 16(C).

Plaintiff filed his Complaint on April 22, 2014.  Southdown subsequently filed its Motion for Summary Judgment on May 5, 2015.

Discovery in this case has uncovered further evidence indicating that there was a known problem with Fr. Spielman in particular with sexual misconduct in New York in general.  Attached hereto as Exhibit 1 and incorporated herein by reference is true and correct copy of a privilege log submitted by the Diocese of Buffalo citing privilege to 34 Categories of Documents referencing Personal Private Medical Information of Fr. Spielman from June 5, 1972 through May 1, 1992 [BUFF000073-BUFF000232].  This privilege log more than evidences Spielman's long history of entering into and out of treatment facilities and medical treatment for psycho-sexual disorders including pedophilia.

As early as June 5, 1972 [BUFF000073] there exists a letter from Fr. Spielman's health care provider to the Diocese of Buffalo, Bishop B. McLaughlin, referencing Personal Private Medical Information, which could be a reference to treatment at The Southdown Institute. Similar letters exist relating to Spielman's medical treatment. Indeed, the Diocese of Buffalo has listed 41 categories of privileged documents that relate to Spielman's medical treatment, which could include and reference his time at The Southdown Institute. If the medical information was communicated to a third party, i.e., Spielman's employer the Diocese of Buffalo, then such communication is waived from any privilege claims.

This case arises out of this Defendant and the other Defendants' gross negligence for negligent hiring, supervision and retention of Fr. James A. Spielman, an employee of the Defendants, and a patient of the Southdown Institute where he was treated for psychosexual disorders including pedophilia. Fr. Spielman sexually abused Plaintiff David Husted, Jr. from the ages of 14-17 from September 1979 to 1982 while he was a student at Archbishop Walsh High School in New York and in Hawaii. Evidence exists that these Defendants' had actual notice of the sexual abuse perpetrated by this priest who was under their authority. As an assistant pastor just out of seminary school, Fr. Spielman was assigned to Scion, New York at Belmont Scion Parish, Spielman was transferred to Springville Catholic Church and then assigned as lead pastor at Lexworth State Park and responsible for three churches

there. Fr. Spielman was transferred from parish to parish as a result of his continuous abuse of children. As early as 1970 he was sexually abusing little boys as young as 10 years old. Thereafter, and with knowledge of his abuse, the Diocese transferred Fr. Spielman to Archbishop Walsh High School where he repeatedly for four years sodomized and sexually abused and brutalized the child Plaintiff David Husted, Jr.

Indeed, Fr. Spielman was treated for his psycho-sexual disorders including pedophilia as early as the 1970s at Southdown, yet each of the Defendants failed to remove him from and/or adequately monitor his contact with Plaintiff David Husted, Jr. and other children under their custody, supervision and control.

### III. SUMMARY JUDGMENT STANDARD

A summary judgment motion may be made at any time before thirty days after the close of discovery, Fed. R. Civ. P. 50(c), and a party may oppose a premature motion for summary judgment under Federal Rule of Civil Procedure 56(d). Baldazo v. Elko County ex rel. Sheriff's Dept., 3:12-CV-00532-LRH, 2013 WL 5201091, at *2 [D Nev Sept. 13, 2013]. Indeed, summary judgment can be vacated as premature from the court's calendar subject to being re-noticed once discovery closes. Endsley v. Mayberg, CIV S-09-2311 WBS, 2011 WL 4928551, at *2 [ED Cal Oct. 17, 2011].

Fed Rules Civ Procedure Rule 56(d) provides if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to

justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Plaintiff has shown discovery is still pending and the production to date indicates that there are relevant facts out there to make an adequate showing sufficient to establish the existence of an element essential to Plaintiff's case, i.e., Defendant Southdown treated Fr. Spielman for psycho-sexual disorders including pedophilia prior to and after the abuse of Plaintiff beginning as early as 1972.

Although district courts have "wide latitude in controlling discovery," State of California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998), the Supreme Court has required allowing discovery "where the nonmoving party has not had the opportunity to discover information that is essential to its opposition." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n. 5, (1986); Burlington N. Santa Fe R. Co. v Assiniboine and Sioux Tribes of Fort Peck Reservation, 323 F.3d 767, 773 [9th Cir 2003].

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can

reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. Matsushita Electric Industries Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); County of Tuolumne v. Sonora Community Hospital, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." Calderone v. United States, 799 F.2d 254, 259 (6th Cir. 1986); see also Idema v. Dreamworks, Inc., 162 F.Supp.2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record, which demonstrate a genuine issue of material fact. Reese v. Jefferson School District No. 14J, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. See v. Durang, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

Southdown's motion appears to be designed to be strategically preemptive, and thus should be denied.

## IV. ARGUMENT

### A. A genuine issue of material fact exists in this case – Fr. Spielman was under Southdown's care between 1970 and 1993.

Plaintiff alleges Southdown treated Spielman sometime between the years 1970-1993, which includes the years Spielman molested Plaintiff at Archbishop Walsh High School (1979-1982). Complaint ¶ 13(H). As alleged, Southdown "provided psychological services to the Perpetrator Spielman, including comprehensive assessments through … post-residential continuing care by psychologists, psychiatrists, addictions counselors, spiritual directors and other related professionals." Complaint at ¶ 2.3. Plaintiff also alleges Southdown "knew and/or should have known the Perpetrator was not fit to serve in ministry involving interactions with children yet released him back into ministry." Complaint at ¶ 2.3.

Southdown incorrectly argues if Spielman was in New York and teaching at Archbishop Walsh High School from 1979-1983 Southdown could not have treated him. Motion Pg. 3-6. Southdown's argument in part rests on the false assumption that Spielman was physically rooted in New York and could not leave the state to receive periodic treatment or use the telephone for treatment. The fact that Spielman

was employed in New York does not preclude the fact that he could have received treatment from Southdown through visits to Southdown in the 1970s, 80s and 90s on weekends, school breaks, summers, or that he could not have received treatment telephonically or by other means. It also does not preclude the fact that since Spielman had a long history of abuse starting in the 1970s that he could have been under Southdown's continuing care pursuant to the orders of the Dioceses of Buffalo and Honolulu for a number of years.

Southdown anchors much of its argument on the fact that Plaintiff has no support for his allegation that Defendant Spielman was treated at Southdown prior to 1989. <u>Motion</u> Pg. 7. But, Southdown has no support he was not treated prior to 1989. In fact there does exist a factual basis that he was treated as cited in the medical treatments of Spielman at the request of the Diocese of Buffalo cited on the Diocese of Buffalo's privilege log.

Moreover, self-serving denials offered by Defendant's employees are insufficient to meet the requirement of making a prima facie showing of entitlement to summary judgment (or to defeat the question of fact raised by Plaintiff's evidence supporting his theories of liability). The differences between the thoroughly sanitized statements attributed to Sister Dorothy Heiderscheit, OSF and the privilege log showing Spielman had sought medical treatment for his psychosexual disorders including pedophilia from 1972-1993 are so diametrically opposed as to raise a

serious issue of credibility. It is clear that in preparing Sister Heiderscheit for her Affidavit, Defendant realized the need to deal with this very serious problem. Under such circumstances, the inconsistencies between Sister Heiderscheit and the privilege log create serious questions of credibility, which cannot be resolved on a motion for summary judgment.

It is well settled that it is not the court's role to pass upon issues of credibility on a summary judgment motion. The courts have long recognized that summary judgment is singularly inappropriate where credibility is at issue. Only after an evidentiary hearing or a full trial can these credibility issues be appropriately resolved. (See, e. g., Poller v. Columbia Broadcasting System, Inc. (1962) 368 U.S. 464, 473; United States v. Perry, 431 F.2d 1020, 1022 (9th Cir. 1970); 10 C. Wright & A. Miller, Federal Practice and Procedure s 2726 (1973). Accord Note of the Advisory Committee on Amended Rule 56 ("Where an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate.") 31 F.R.D. 648 (1963).); S.E.C. v. Koracorp Indus., Inc., 575 F.2d 692, 699 (9th Cir. 1978).

However, Defendants have a far more serious problem with the statements attributed to Sister Dorothy Heiderscheit, OSF, and the privilege log, namely, if they are considered to be admissions, which Plaintiff submits they are, they would be admissible as evidence-in-chief and, as such, a jury would be free to accept them for

the truth of the matters contained therein thereby furnishing a sound basis for a finding of liability against Defendants for treating Fr. Spielman as early as 1972. Southdown and the other Defendants' failure to prevent Fr. Spielman from gaining access to children including Plaintiff David Husted, are patent admissions of each of the Defendants' negligence.

The Complaint does not suggest that Spielman was not under Southdown's immediate medical care or continuing to receive non-residential mental health treatment from Southdown as ordered by the Diocese of Buffalo and/or Honolulu. Spielman was a known sexual predator and it is not unlikely that he was under the care of Southdown for many years prior to his employment at the high school.

**B.     Discovery is still open. Defendants Diocese of Buffalo and Archbishop Walsh High School are withholding key documents in this case.**

Discovery is still open.  Defendant Diocese of Buffalo and Archbishop Walsh High School aka Southern Tier Catholic School have failed to produce documents pursuant to Plaintiff's discovery requests.  As such, neither this Court, Plaintiff, nor Defendant Southdown can definitively say that Spielman was not treated prior to Plaintiff's abuse.

As with many pedophile priests employed by Dioceses across this country and the world, documents of the employer show that the pattern and practice of the Catholic Church is one of admitting priests to treatment facilities such as The

Southdown Institute throughout their employment. These employee priests are treated in these institutions for psychosexual disorders including pedophilia. Many times the occurrence of treatment at these facilities including The Southdown Institute are found in the production of a priest's personnel file, and correspondence files of the Diocese that maintain records of correspondence between the Diocese, its principals and the treatment facility, i.e., The Southdown Institute.

### C. An issue of material fact is in dispute that The Southdown Institute treated Fr. Spielman prior to Plaintiff's abuse.

Plaintiff under the Federal Rules of Civil Procedure has a right to discover evidence that Spielman was in the prior and continuing care of Southdown between the years 1970-1993 while employed by the Dioceses of Buffalo and Honolulu, and during the time he taught at Archbishop Walsh High School. Plaintiff should be allowed to prove through the discovery process that Southdown's actions in treating its patient Fr. Spielman, prior to Plaintiff's abuse, was grossly negligent and caused and contributed to Plaintiff's injuries.

As Plaintiff's expert Thomas P. Doyle, J.C.D., C.A.D.C. explains in his Affidavit priests with psychosexual disorders generally seek treatment throughout the course of their employment. In and out treatment as these facilities is generally the norm not the exception. Attached hereto as Exhibit 2 and incorporated herein by

reference is a true and correct copy of the <u>Affidavit of Thomas P. Doyle, J.C.D., C.A.D.C.</u>; <u>See</u> specifically ¶¶ 14-17, 19, 22-25.

The Southdown Institute would like this Court to only consider the Affidavit of one witness who conveniently has access to only one document relating to Fr. Spielman's treatment at Southdown.  <u>See Motion, Exhibit B</u>.

Pre and post abuse documents are important because such documents show knowledge whether actual or constructive that Defendant Southdown had when it released Fr. Spielman back into circulation with children.  If Southdown knew he had psychosexual disorders with children and gave Spielman's employer, i.e., the Diocese the green light to place him back with children, then Southdown would be grossly negligent.

Discovery is continuing.  The Diocese of Buffalo, Honolulu, and Southern Tier Catholic School have yet to produce documents pursuant to discovery requests and continue delaying in the production.  Plaintiff will be filing motions to compel the production of documents leading to the discovery of admissible evidence.  Once discovery is closed, Southdown is free to bring its motion for summary judgment.  But as of this date, Defendants have failed to produce documents, which will show Fr. Spielman was a patient at The Southdown Institute prior to and after the abuse of Plaintiff David Husted, Jr.

## V. CONCLUSION

Based on the foregoing, Plaintiff respectfully submits that The Southdown Institute's Motion for Summary Judgment should be denied.

DATED: Honolulu, Hawaii, March 10, 2016.

                        JAW LEGAL
                        LAW OFFICES OF BETTI & ASSOCIATES

          By:   /s/Jared A. Washkowitz
                 /s/Michele M. Betti
                 Jared A. Washkowitz
                 Michele M. Betti

                 Attorneys for Plaintiff DAVID HUSTED, JR.