**INCLINATIONS**

       It is Judge Mollway's practice, whenever possible, to notify attorneys and <u>pro se</u> parties scheduled to argue motions before her of her inclinations on the motions and the reasons for the inclinations.  This is part of Judge Mollway's normal practice, rather than a procedure unique to a particular case, and is designed to help the advocates prepare for oral argument.  It is the judge's hope that the advance notice of her inclination and the accompanying reasons will focus the oral argument and permit the advocates to use the hearing to show the judge why she is mistaken or why she is correct.  The judge is not bound by the inclination and sometimes departs from the inclination in light of oral argument.

       Judge Mollway attempts to communicate her inclinations no later than one working day before a hearing.  The court's preference is to distribute the inclinations to the parties via the court's electronic filing system ("CM/ECF").  Accordingly, parties are encouraged to participate in the court's CM/ECF system.

       The inclination is intended to be only a summary of the court's thinking before the hearing and not a complete legal discussion.  The court will issue a written order with a detailed analysis after the hearing.

       The parties are reminded that, under Local Rule 7.4, they may not submit supplemental briefs (such as briefs addressing the inclination) unless authorized by the court.  Supplemental declarations, affidavits, and/or other evidence in response to the court's inclinations are prohibited unless authorized by the court.  The parties are also reminded that they must comply with Local Rule 7.8 if they intend to rely on uncited authorities at the hearing.

       Occasionally, Judge Mollway does not announce an inclination, especially if materials are submitted to her right before the hearing.  Because briefing on criminal motions closes just a few days before the hearing, it is not uncommon for her to be unable to announce an inclination on a criminal motion until the start of the hearing itself.  Certainly if an evidentiary hearing is scheduled on matters necessary to a decision on either a civil or criminal motion, no inclination will be announced.

       Judge Mollway's inclinations may not be cited as authority for any proposition.  However, the inclinations will be electronically filed for the convenience of the parties.

       Judge Mollway announces the following inclinations:

Husted v. Roman Catholic Church in the State of Hawaii, et al., Civ. No. 14-00192 SOM/BMK

Defendant The Southdown Institute seeks summary judgment with respect to all claims asserted against it in Plaintiff David Husted, Jr.'s Complaint filed on April 11, 2014. Husted claims that James Spielman sexually molested Husted between 1979 and 1982. Southdown argues that because it did not treat Spielman until after the alleged sexual abuse occurred it cannot be legally responsible for the sexual abuse. It also argues that this court lacks personal jurisdiction over it.

The court is inclined to rule that Southdown waived its personal jurisdiction defense by filing a motion for summary judgment on May 5, 2015, see ECF No. 84, thereby actively participating in the case before the court. See In re Texas E. Transmission Corp. PCB Contamination Ins. Coverage Litig., 15 F.3d 1230, 1236 (3d Cir. 1994) ("a party is deemed to have consented to personal jurisdiction if the party actually litigates the underlying merits or demonstrates a willingness to engage in extensive litigation in the forum"); Bel-Ray Co. v. Chemrite (Pty) Ltd., 181 F.3d 435, 443 (3d Cir. 1999) (concluding that defendants submitted to jurisdiction of court by filing motion for summary judgment with respect to counterclaims; ruling that personal jurisdiction defense waived by party that waited to raise it until after the summary judgment motion was denied).

The court is inclined to deny Husted's Rule 56(d) request, as the court is inclined to rule that Husted has not met the requirements of such a motion.

With respect to the merits of Southdown's motion for summary judgment, the court asks the parties to come to the hearing prepared to discuss the following.

1) Southdown submits admissible evidence that it did not treat Spielman until after the alleged sexual abuse at issue occurred.  What evidence is in the record that raises a question of fact as to whether Southdown treated Spielman before the alleged sexual abuse?

2) Counsel for Husted, Michele M. Betti, submits a declaration purporting to set forth facts "of [her] own personal knowledge."  See ECF No. 160-1, PageID # 1568.  She says that "Spielman was treated for his psycho-sexual disorders including pedophilia as early as the 1970s at Southdown."  Id., PageID # 1571.  What is the basis of Betti's "personal knowledge" for this statement?  What facts are in the record supporting the statement?  If Betti is not appearing at the hearing on the present motion, she must submit a declaration by 3:30 p.m. on April 1, 2016, that answers the question as to the basis or bases of her personal knowledge of the facts.  If the basis of Betti's "personal knowledge" is matters she infers from discovery she has received, she must say so.

3

      3) It appears that Betti may be inferring that Spielman may have been treated at Southdown in 1972 based on a privilege log by The Diocese of Buffalo.  See ECF No. 160-1, PageID # 1569.  But the privilege log only states a letter dated June 5, 1972, pertained to "Personal Private Medical Information."  ECF No. 160-2, PageID # 1575.  Given the August 2015 court order concerning the privilege log that told The Diocese of Buffalo that it must "produce documents which describe or refer to Fr. James A. Spielman having problems with or treatment for pedophilia prior to Plaintiff Husted's alleged abuse from 1979 to 1982 regardless of when the document itself was created," ECF No. 132, PageID #s 1355-56, is it a reasonable inference, as Betti says, that Spielman had a "long history of entering into and out of treatment facilities and medical treatment for psycho-sexual disorders including pedophilia?"  ECF No. 160-1, PageID # 1569.  Or, is it a reasonable inference that Spielman was treated at Southdown in 1972?